JUDGE JONES

07 CIV 9625

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BEST MARITIME LTD.,

       Plaintiff,

 - against -

SHANGHAI JUCHENG ECONOMY
& TRADING CO., LTD.,

       Defendant.
------------------------------------------------------------------X

07 CV _____

ECF CASE



## VERIFIED COMPLAINT

  Plaintiff, BEST MARITIME LTD., (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, SHANGHAI JUCHENG ECONOMY & TRADING CO., LTD. ("Defendant"), alleges, upon information and belief, as follows:

  1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

  2.  At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the disponent owner of the motor vessel "HAO YUE" (hereinafter the "Vessel").

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the Charterer of the Vessel.

4. Pursuant to a charter party dated June 27, 2007, as evidenced by a fixture note, Plaintiff chartered the Vessel to Defendant for a trip from Wonsan, North Korea to Nantong, China for the purpose of carriage of silver ore in bulk. A copy of the fixture note is annexed hereto as Exhibit 1.

5. Plaintiff delivered the Vessel into the service of the Defendant and fully performed all duties and obligations under the charter party.

6. A dispute has arisen between the parties regarding Defendant's failure to pay freight due and owing, and numerous vessel expenses incurred by reason of the dangerous propensities of Defendant's cargo of silver ore in bulk, which required the Vessel to call a port of refuge in South Korea than threat incur cargo handling and vessel maintenance expenses, and incur significant vessel delay from on or about July 10, 2007 until on or about September 21, 2007.

7. As a result of Defendant's breach of the charter party due to its failure to pay freight and other expenses, Plaintiff has sustained damages in the total principal amount of $508,349.11 exclusive of interest, arbitration costs and attorneys fees, as best as may be presented estimated.

8. Despite due and repeated demand, Defendant has failed to pay the sums due and owing to Plaintiff under the charter party. Attached hereto as Exhibit 2 is a copy of Plaintiff's invoice for payment of outstanding freight by Defendant.

9.  Pursuant to the charter party, disputes between the parties are to be submitted to arbitration in Hong Kong with English law to apply. Plaintiff has or soon will commence arbitration of its claim against Defendant by appointment of its arbitrator.

10. This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party within Hong Kong arbitration conducted pursuant to English law. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $508,349.11; |
| | a. | Unpaid freight: | $41,400; |
| | b. | South Korean cargo discharge/re-loading: | $200,532; |

[Cargo hold waste water disposal: $38,000]
[Cargo operation charges: $20,508]
[Cargo discharging and drying: $114,870]
[Cargo re- loading charge: $27,154]

| | | | |
|---|---|---|---|
| | g. | Extra port charge – S. Korea: | $54,384; |
| | h. | Detention (July 10 – Sep. 21): | $182,500; |
| | i. | Expert fee for safe navigation: | $666; |
| | j. | Surveyor's fees: | $8,867.11; |
| | k. | Counsel fees: | $20,000. |
| B. | Interest on claim - 3 years at 7.5% per annum compounded quarterly | | $123,171.40; |
| C. | Estimated arbitration costs: | | $50,000; and |
| D. | Estimated attorneys' fees and expenses: | | $75,000.00. |
| **Total:** | | | **$756,520.51.** |

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$756,520.51** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received

4

or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

F. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: Southport, CT
October 30, 2007

The Plaintiff,
BEST MARITIME LTD.

By: _____
Kevin J. Lennon
Nancy R. Peterson
LENNON, MURPHY & LENNON, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile
kjl@lenmur.com
nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     )  ss.:   Town of Southport
County of Fairfield  )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    Southport, CT
          October 30, 2007

_____
Kevin J. Lennon

**EXHIBIT 1**

# FIXTURE NOTE

DATE: 27TH, JUNE, 2007

IT IS THIS DAY MUTURALLY AGREED BETWEEN M/S BEST MARITIME LTD. AS D-OWRS AND M/S SHANGHAI JUCHENG ECONOMY & TRADING CO., LTD AS CHTRS ON THE FOLLOWING TERMS AND CONDITIONS.
经过船东 BEST MARITIME LTD. 和租家上海菊城经贸有限公司双方友好协商共同达成以下条款

1. VSL : M.V. HAO YUE
   DWT:2534MT ON 5.00M,1999BUILT,SINGLE DECK,2HO/2HA,PRC FLAG
   GRT/NRT:1590/1018MT.G/B CAPA:3438.53/3326.85CBM  CALL SIGN:BATC
   LOA/BM:75.50/12.80M,GEARLESS,
   HATCH SIZE:NO.1 13.2X7M    NO.2  15.5X7M
   A.D.A.WOG.
2. CGO QTY : MIN 2300MT SILVER ORE IN BULK UPTO VSL'S FULL CAPA CHTRS
             OPTION
   货名及货量：最少 2300 吨散装银矿（原矿）直到满舱由租家选择
3. PORT OF LOADING: 1SB 1SP WONSAN, D.P.R.K.
   装港：一个安全泊位，一个安全港口，元山，朝鲜
4. PORT OF DISCHARGE: 1SB 1SP NANTONG, CHINA.
   卸港：一个安全泊位，一个安全港口，南通，中国
5. LAYCAN:29TH, JUNE 2ND, JULY, 2007
   受载期/解约日：2007 年 6 月 29 日至 7 月 2 日
6. FREIGHT: USD18.00PMT ON FIOST TERM BSS 1/1.
   运费:18.00 美元每吨,船东不管卸不管装的运输条款,以一个安全泊位一个安全港口为起卸
7. L/D RATE:2DAYS/1.5DAYS PWWDSHINC BENDS.
   装率/卸率：装港 2 天/卸港 1.5 天，包括星期天和节假日。
8. FULL FREIGHT PREPAID TO OWRS' NOMI ACCT IN U.S.D. W/I 3 BANKG DAYS ACOL BUT ALWAYS BBB. FREIGHT TB DEEMED AS EARNED ON COMPLETION OF LOADING, DISCOUNTLESS AND NON-RETURNABLE WHETHER SHIP AND/OR CGO LOST OR NOT LOST. BANK CHARGES FOR FRT RMITNC TB PAID BY CHTRS (NOT BENEFICIARY ACCT).
   租家应把全额运费在三个银行工作日支付到船东指定的美金账户在开舱卸货之前,在完成装货之后,无论船舶和/或货物灭失与否,船东都将获取全额运费。银行汇款手续费由租家负担(不能由受益人承担)
9. OWRS WL ISSUE/RELEASE "FREIGHT PREPAID" BS/L ONLY AFTER COLLECTING FULL FREIGHT AND DEM/DES IF ANY AT LOADING PORT.
   船东收到全额运费及滞期费等各项费用后,签发运费预付提单
10. DEM/DES : USD2500PDPR/FREE DES
    LAYTIME TO COMMENCE UPON VSL ARVL L/D PORT ANCHORAGE AFTER MASTER TENDER N.O.R. TO AGT BY TLX IN ANY TIME W.W.W.W..

上海菊城经贸有限公司
SHANGHAI JUCHENG ECONOMY
& TRADE CO., LTD.

09/10 2014 11:18 FAX                                                                    ⌀001

DEM/DES INCURRED AT LOADING PORT IF ANY, TB SETTLED TOGETHER WZ FREIGHT PAYMENT. WCH INCURRED AT DISCHG PORT IF ANY TO BE SETTLED B4 VSL'S COMPLETION OF DISCHARGE.
延滞费率:USD2500.00每天或按时间比例支付
装卸货时间从船舶抵达装卸港锚地并在船东/船长用电传递交各装/卸通知书给代理之后开始而不管船舶是否在港,不管是否靠泊,不管是否检疫,不管是否通关
若在装港产生延迟费用,同运费一起支付,若在卸港产生延迟费用,租家在卸货完成之前安排付费

11. DUNNAGE/SEPERATION IF ANY TBF CHTRS ACCT.
    垫料/隔栗由租家安排并付费
12. OWNERS AGENT AT BENDS.
    船东指定装卸港代理
13. LIGHTERGE/LIGHTENING TB ARRANGED BY CHTRS WZ THEIR RISK AND EXPENSES IF ANY AT BENDS.
    在装卸港若发生过驳和过驳费,由租家付费并承担相应风险
14. SHORE CRANE CHARGE IF ANY TBF CHTRS ACCT AT BENDS
    装卸港若发生岸吊费由租家承担。
15. CGO QTTY TO BE DETERMINED BY VSL N JOINT DRAFT SURVEYOR OR CIQ AT BENDS.
    货物的数量依据船上与水尺检验师或者商检报告
16. OAP CHARGE TBF CHTRS ACCT.
    超龄保险费用由租家承担。
17. OWNERS BILL FORM TB USED N OWNER WL INSERT CHARTER-PARTY DATE ON OB/L.
    船东采用船东的提单格式并在提单上加注合同签定日期。
18. OWNERS TO RELEASE ENTIRE CGO AGAINST RECEIVERS BANK L/G IF B/L HAS NOT REACH AT DESTINATION.
    如果正本提单没寄到达, 船东根据收货人银行保函放货。
19. ARBITRATION IN HK WITH ENGLISH LAW APPLY.
    对于此合同的所有争议在香港解决,适用英国法律
20. TAXES/DUES ON VSL AND/OR FREIGHT TBF OWRS ACCT.
    TAXES/DUES ON CGO TBF CHTRS ACCT.
    船舶或运费方面的税/费由船东承担,货物方面的税/费由租家承担
20. BIMCO STANDARD ISPS CLAUSE APPLIED
    应用波罗地海航运工会 ISPS 规则
21. OTHERS TERMS & CUNDITONS AS PER GENCON 94.
    其它未尽条款和事宜安参照 GENCON 94
22. COMM. 2.5PCT ADDRESS
    百分之2.5租家佣金。
END

AS CHARTERERS:                                          AS OWNERS:
                                                        For and on behalf of
                                    BEST MARITIME LTD
上海菊城经贸有限公司
SHANGHAI JUCHENG ECONOMY
& TRADE CO., LTD.
2007.6.27.

                                                        Authorized Signature(s)

# **EXHIBIT 2**

# BEST MARITIME LTD.

## INVOICE

TO    MESSRS:

上海菊城经贸有限公司                              DATE :9TH   JULY   2007

VSL   :MV. HAO YUE

NO.   : 721

VOY :WONSAN-NANTONG

| DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|
| MV. HAO YUE HAVE LOADED 2,282.00MTS SILIVER ORE  SAILED FROM  WONSAN  TO  NANTONG ON 8TH JULY  2007 | | |

2,300.00MTS   X   USD 18.00 PMT                          **USD 41,400.00**

LESS   COMM 2.5                                          =USD1,035.00

TOTAL :                                                  =USD40,365.00

@  7.6                                                   =RMB306,774.00

PLEASE REMIT TO OUR NOMINATE BANK AS FOLLOWING:

收款人：大连威航货运代理有限公司

收款行：光大银行中山支行

账号：700400304027981